**Sara J. BURNS, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

**No. 08–70394.**

United States Court of Appeals, Ninth Circuit.

---

Submitted April 15, 2009.*

Filed May 21, 2009.

John W. Sunnen, Esquire, Law Offices of John W. Sunnen, San Diego, CA, for Petitioner–Appellant.

Richard Morrison, Esquire, John A. Nolet, Richard Farber, Esquire, U.S. Department of Justice, Robert R. di Trolio, Esquire, Clerk, U.S. Tax Court, Donald L. Korb, Esquire, Chief Counsel, Washington, DC, for Respondent–Appellee.

Before: KOZINSKI, Chief Judge, PREGERSON, Circuit Judge, and QUIST,** District Judge.

## MEMORANDUM ***

Sara J. Burns appeals the judgment of the Tax Court, which found that the final installment of a *qui tam* reward was includable on her 1999 federal income tax return. Burns contends she did not actually or constructively receive the final installment because the Bankruptcy Court ordered that the funds be paid into her attorney's client trust account pending the resolution of a creditor's claim against her. Because Burns actually received the installment, we affirm the judgment of the Tax Court.

Burns had an undisputed right to the final installment, and the United States actually made that payment for her benefit. The Bankruptcy Court did not limit her right to receive payment; it limited her capacity to dispose of it as she wished.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

This sort of encumbrance does not prevent actual or constructive receipt. Constructive receipt is prevented by an encumbrance which stands between the payor and the payee and limits the payee's right to receive the payment itself, not by one that restricts disposal of the payment after the fact. Even if Burns were prevented from disposing of that payment and were compelled to use it to pay her creditor, she "obtained the economic benefit of the income through its disbursement" to her attorney's client trust account for eventual satisfaction of that debt. *Parkford v. Commissioner*, 133 F.2d 249, 251 (9th Cir. 1943); *see also Gale v. Commissioner*, T.C. Memo.2002–54, 2002 WL 273164 (2002) (holding that restriction placed on use of income by creditor does not delay receipt of income for tax purposes). Furthermore, to the extent Burns lacked dominion over the payment, she surrendered that dominion voluntarily when she decided to file for bankruptcy. A voluntary surrender of dominion does not prevent constructive receipt. *See Oliver v. United States*, 193 F.Supp. 930, 933 (D.Ark.1961) (taxpayer cannot avoid treating proceeds as income by voluntarily putting himself under a legal disability).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.